In the Matter of the Estate of EDWARD B. HALSTED, Deceased.

Surrogate's Court, New York County, June 14, 1938.

*Yorke Allen,* for the Central Hanover Bank and Trust Company, petitioner.

*Louis Halle,* for the widow, respondent.

DELEHANTY, S.   The motion made to strike out the appearance of the widow of deceased in the pending probate proceeding raises the issue whether an agreement executed by her in the lifetime of deceased constitutes an effective release of her interests in the estate and so bars any action by her in the proceeding.

The proof establishes that deceased and his wife had lived separate and apart for seven years or more prior to the execution of the agreement in question.   During that interval the wife was paid $250 per month.   Shortly prior to the execution of the agreement here in controversy she sought out the legal representative of her husband and asked compensation for various claims which she then made against him.   As a result of the response to her demands she

went to a highly competent and wholly independent attorney for advice. Thenceforward the negotiations in her behalf were wholly through this attorney. The terms presented by the latter to deceased's attorney were accepted by the latter. These terms provided for capitalizing at four per cent the annual payment of $3,000 which deceased had theretofore paid his wife and included also the payment of substantial though moderate compensation to her attorney. As a result of a settlement on the terms thus stated the agreement in question was executed in the office of the wife's attorney and under the supervision of that office. The tenor of the instrument was fully explained to deceased's wife and was signed by her with full knowledge of its import. Under it she obtained the cash sum of $75,000. Out of that she paid her attorney $2,500.

Several years later and prior to deceased's death she initiated an action in the Supreme Court, New York county, seeking to avoid the agreement and to procure additional funds from deceased. By reason of defaults on her part that action was dismissed without a trial on the merits. Thereafter deceased died and now his wife seeks to assert the same type of claim which she once had an opportunity to try during deceased's lifetime.

The proof before the court establishes nothing as to the liability of deceased to support his wife. Their living apart prior to the agreement in controversy was obviously pursuant to some arrangement of which the terms are not stated in this record. The record does not show the resources of the wife at the time the agreement under attack was executed nor does the record show her present resources.

At the close of the case the sole question presented by the record was whether as matter of law the court must set aside this agreement and hold it to be without substance merely because at the time of its execution the capital resources of the husband were very largely in excess of the capital sum paid over to the wife and the income of the husband even more markedly in excess of the amount earnable on the capital fund so paid to the wife. The court finds no support for the proposition that as matter of law such disparity compels a ruling in favor of the wife. The same subject was commented on by the court in *Vallee* v. *Vallee* (154 Misc. 620; affd., 247 App. Div. 874). The making of such an agreement is approved by the courts (*Winter* v. *Winter*, 191 N. Y. 462). As was said in the last cited case, the wife "is the best judge of what she needs for her support and the amount may be fixed and settled by an agreement made after actual separation without violating any principle of law or any statute now in existence." All the authorities cited for a contrary view contain ele-

ments of overreaching, of fraud, of suppression of fact and other factors which render them plainly distinguishable from the situation here. It is here shown affirmatively that no misrepresentation or concealment was involved; that the wife had the advice of competent and independent counsel; that her own resources are not disclosed either as of the date of the agreement or now; and that she sought a forum for the testing of this agreement in the lifetime of deceased and then failed to submit her case to the test of actual trial. In such circumstances she should not now be permitted to repudiate the agreement when deceased is no longer available to present his version of the relations between the parties antecedent to the agreement.

For the reasons stated the motion to strike out the appearance is granted. Submit, on notice, order accordingly.