In the Matter of the Estate of EDWARD B. HALSTED, Deceased.

Surrogate's Court, New York County, November 1, 1939.

*Yorke Allen,* for the Central Hanover Bank and Trust Company, as executor, etc., petitioner.

*Harold E. Lippincott,* for Frances Adams Halsted, widow.

*John P. O'Brien,* special guardian for infants.

DELEHANTY, S. In a proceeding for the probate of the will of deceased a motion was made by proponent " for an order striking out the appearance of Frances Isabelle Adams Halsted herein and

declaring that she is not a party interested in the estate of the decedent Edward Bayard Halsted herein and that she has no standing either to file objections to the proceedings to probate his will and codicil or to be heard in any manner whatever in said or any proceedings now taken or hereafter to be taken with respect either to the probate of the said or any will or codicil of decedent or with respect to the administration, settlement or distribution of his estate in any manner whatsoever." In due course an order was made in the probate proceeding which among other things said: " It is hereby ordered and decreed that the said petition herein be and the same hereby is in all respects granted and that the notice of appearance herein of Frances Adams Halsted (also known as Frances Isabelle Adams Halsted), widow of the deceased Edward Bayard Halsted, be and the same hereby is stricken from the files and record herein on the ground, hereby found and determined on the above-named proceedings, that by virtue of a written agreement between the above-named Edward Bayard Halsted and said Frances Adams Halsted, bearing date the 8th day of May, 1925 and of the proceedings thereunder of the said parties thereto, the said Frances Adams Halsted is not a person interested in the estate of the said Edward Bayard Halsted, either as widow, distributee in the case of intestacy or beneficiary under the papers propounded herein as the Last Will and Testament of the said Edward Bayard Halsted and has no standing to be heard in any matters relating to the probate of the said testamentary papers or the administration, settlement or distribution of the estate of said Edward Bayard Halsted, deceased." An appeal from that order was taken by the widow of deceased. The order was affirmed. (*Matter of Halsted*, 168 Misc. 832; affd., 255 App. Div. 838; Id. 963; affd., 280 N. Y. 691.) The probate proceeding was continued to decree admitting the will.

The executor has now accounted. Quite unnecessarily, but apparently in an excess of caution, it caused a citation on the accounting to be served upon the widow of deceased. She interposed objections to the account alleging among other things that the gifts to charity made under the will of deceased exceeded the permissible limits fixed by section 17 of Decedent Estate Law. The accounting party now moves to strike out her objections and answer on the ground that the order made in the probate proceeding adjudicated that she has no interest in the estate of deceased entitling her to be heard in this accounting proceeding. To this the widow of deceased has replied that the issue now raised by her answer was not comprehended within the issues in the probate proceeding. She also argues that the act of the accounting party in citing her as a person interested in the estate bars the making of the present application.

The petition filed by the accounting party as part of the accounting proceeding asserts that the widow of deceased has no interest in his estate and that the listing of her name among the persons to be cited was designed to make of record in the accounting proceeding the fact that she was not so interested. Nothing in the petition and citation constitutes an admission of her interest even if the accounting party could effectively make such admission. Nothing turns on the tenor of the petition and citation. The answer of the widow of deceased is without substance in this respect.

Neither is there substance to her argument that the issues arising under section 17 of Decedent Estate Law were not litigated in the probate proceeding. In the probate proceeding the attack upon the widow's appearance and objections to probate was a fundamental one. It was not limited in its effect to the probate proceeding but attacked generally her status as a person interested in the estate of deceased. The order quoted above in part adjudicated effectively that the widow of deceased was not a person interested in his estate. That order was a final order so far as she is concerned. (*Albany Hospital* v. *Albany Guardian Society*, 214 N. Y. 435; *Brown* v. *Feek*, 204 id. 238.) The widow of deceased cannot again litigate her status as a person interested in the estate of deceased. Accordingly the objections and answer of the widow of deceased in this accounting proceeding are stricken from the record.

The accounting proceeding will be continued before the court for the purpose of disposing of the other questions arising therein.

Submit, on notice, order accordingly.