### CARROLL v. SOCIAL SECURITY BOARD.
### No. 2444.

District Court, N. D. Illinois, E. D.

June 25, 1941.

---

John A. Carroll, of Chicago, Ill., for plaintiff.

J. Albert Woll, U. S. Dist. Atty., of Chicago, Ill., for Social Security Board.

HOLLY, District Judge.

This is an appeal from the decision of the Social Security Board denying the right of plaintiff to primary insurance benefits under the Social Security Act of August 14, 1935, as amended, 42 U.S.C.A. § 301 et seq., and the right of his three children to child's insurance benefits under the Act as amended. There is no dispute as to the facts and defendant has moved for summary judgment.

The only question presented for decision is whether plaintiff had been in the receipt of wages for the specified period of time prior to his attaining the age of 65 years. The term wages is defined in section 209(a) of the Act as amended, U.S.C.A. Title 42, Ch. 7, § 409(a) as all remuneration for employment, with certain exceptions therein noted, none of which concern us here. The term employment

is defined, § 210(b), U.S.C.A. Title 42, § 410 as meaning service of whatever nature, performed within the United States by an employee for his employer, with certain exceptions, the only one of which is material to this case being that of service in the employ of a state or an instrumentality of one or more states.

The service which plaintiff relies upon as employment was that rendered as receiver for a bank organized under the laws of the State of Illinois. He was appointed by the Auditor of Public Accounts for the State of Illinois under authority granted by § 11, Ch. 16½, Smith-Hurd Illinois Ann. Statutes. The receiver under that section, has the general duties and powers of a receiver to liquidate an insolvent corporation and it is provided that all expenses of the receivership, including the receiver's fees, shall be paid out of the assets of the bank.

Plaintiff was appointed receiver in July, 1931, and is still acting as receiver, but discontinued receiving compensation in 1940 when he reached the age of 65. When first appointed the Auditor allowed him compensation at the rate of $100 a week. Later this was reduced gradually, as the affairs of the bank required less of his time until, at the time he discontinued receiving compensation, it was $100 a month.

I am of the opinion that the compensation received by plaintiff was not wages within the meaning of the Social Security Act. That compensation is spoken of in the Illinois Statute, under the provisions of which plaintiff was appointed receiver, not as wages but as fees. Wages are defined by the Social Security Act as remuneration for employment and employment is further defined as service by an employee for an employer. The relationship between plaintiff and the Auditor of the State of Illinois does not come within the commonly accepted meaning of the term of employer and employee. An employee is defined in the Century Dictionary as "one who works for an employer; a person working for salary or wages; applied to any one so working, but usually only to clerks, workmen, laborers, etc.[1] Plaintiff was not employed by any one to act as receiver of a bank, he was appointed to that position. The Auditor of Public Accounts of the State of Illinois has many

[1] Webster defines employee as "one employed by another; a clerk or workman in the service employer, usually disting. from *official* or *officer*, or one employed in a position of some authority."

employees but persons appointed as receivers of closed banks are not commonly considered as employees of the particular official who appoints them. Such a receiver has been held to be an *officer* of the state. United States v. Weitzel, 246 U.S. 533, 38 S.Ct. 381, 62 L.Ed. 872.

 But if plaintiff was an employee of any one he was an employee of the Auditor of Public Accounts of the State of Illinois or, possibly, the State of Illinois, the Auditor acting as the agent of the state in employing him. Employees of the state or an instrumentality of the state do not come under the Social Security Act.

The decision of the Social Security Board was correct and must be affirmed.

An order accordingly will be entered June 25, 1941.