**KANDELIN v. KANDELIN et al.**
**Civil No. 17385.**

District Court, E. D. New York.
April 14, 1942.

Clinton M. Flint, of Freeport, N. Y., for plaintiff.

Francis M. Shea, Asst. Atty. Gen., and Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Sidney J. Kaplan, Sp. Asst. to Atty. Gen., and Martin Norr, Atty., Department of Justice, of Washington, D. C., of counsel), for defendant Social Security Board.

ABRUZZO, District Judge.

This is a proceeding to review a decision of the Social Security Board which held that Amanda S. Kandelin, as guardian-in-fact of Charles V. Kandelin, was not entitled to a lump-sum death benefit under the Social Security Act Amendments of August 10, 1939, 53 Stat. 1362, 42 U.S.C.A. § 401.

Jurisdiction to entertain the action is conferred, it would seem, by section 205 (g) of the amended Act, 42 U.S.C.A. § 405(g); although the defendant refutes this interpretation of the section cited.

The defendant having filed its answer, the case is now at issue. The defendant now moves to dismiss and for summary judgment as a matter of law.

As to the primary facts in the case, the plaintiff and the government are in accord. Armos V. Kandelin was a wage-earner insured under the Social Security Act Amendments of 1939, his number being 115—07—6295. He died domiciled in the State of New York, on August 10, 1940, leaving an infant son, Charles V. Kandelin, in whose behalf this action has been brought by his grandmother, Amanda S. Kandelin, as next friend. Also surviving him, is one Minnie Kandelin whom he married many years ago and who, it is contended by the plaintiff, abandoned the wage-earner in 1928, or thereabouts. It has been assumed that there had been no divorce.

After the death of Armos V. Kandelin, the wage-earner, his mother, Amanda, filed the present claim for a lump-sum death benefit under section 202 (g) of the Social Security Act Amendments of 1939, 42 U.S.C.A. § 402(g), with the Social Security Board.

The Board denied this claim on the ground that the wage-earner was survived by a widow.

Following the procedure set up by the Board under the 1939 Social Security Act Amendments, the plaintiff protested this decision and demanded a hearing before a referee.

The referee confirmed the determination of the Board.

As prescribed by the regulations, the plaintiff, then, appealed to the Appeals Council of the Social Security Board. This Council likewise affirmed the conclusion reached by the Board that the widow and not the infant son was entitled to the claimed benefit.

It is to review this determination by the Appeals Council that this action was brought.

Section 202(g) of the 1939 Amendments, 42 U.S.C.A. § 402 (g), provides that on the death of an insured individual, a benefit "shall be paid in a lump-sum to the following person (or if more than one, shall be distributed among them) whose relationship to the deceased is determined by the Board, and who is living on the date of such determination: To the widow or widower of the deceased; or, if no such widow or widower be then living, to any child or children of the deceased and to any other person or persons who are, under the intestacy law of the State where the deceased was domiciled, entitled to share as distributees with such children of the deceased, in such proportions as is provided by such law * * *."

Section 209 (m) of the amended Act, 42 U.S.C.A. § 409 (m), sets forth the following rule for determining the status of an individual: "(m) In determining whether an applicant is the wife, widow, child, or parent of a fully insured or currently insured individual for purposes of sections 401–409 of this chapter, the Board shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of

the State in which he was domiciled at the time of his death, or if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a wife, widow, child, or parent shall be deemed such."

Section 83 of the Decedent Estate Law of the State of New York, Consol.Laws c. 13, provides:

"§ 83. The real property of a deceased person, male or female, not devised, shall descend, and the surplus of his or her personal property, after payment of debts and legacies, and if not bequeathed, shall be distributed to the surviving spouse, children, or next of kin or other persons, in manner following:

"1. One-third part to the surviving spouse, and the residue in equal portions to the children, and such persons as legally represent the children if any of them have died before the deceased."

It is provided by Section 87 of the Decedent Estate Law of New York State that:

"§ 87. Effect of divorce, abandonment, or refusal to support upon rights of former husband or wife to distributive share.

"No distributive share of the estate of a decedent shall be allowed under the provisions of this article, either

"(a) to a spouse against whom or in whose favor a final decree or judgment of divorce recognized as valid by the law of this state has been rendered;

"(b) or to a spouse who has procured without the state of New York a final decree or judgment dissolving the marriage with the decedent, where such decree or judgment is not recognized as valid by the law of this state;

"(c) or to a husband who has neglected or refused to provide for his wife, or has abandoned her;

"(d) or to a wife who has abandoned her husband."

The foregoing statutes and subdivisions (d) and (e) of section 402 of Title 42 of the U.S.C.A. must be interpreted in reviewing the decisions of the Social Security Board and its referee, which were affirmed by the Appeals Council.

The alleged "widow", Minnie Kandelin, never appeared in any of the administrative proceedings before the Board.

The referee, in his decision, held that the order of priority for the lump-sum payment under section 202 (g) as quoted herein is very clear and definite. He held that the persons to whom the lump-sum death settlement is payable are the widow or widower or if there is no widow or widower, the child or children.

In his opinion, he found that the deceased wage-earner was married to Minnie Kandelin and that she ceased living with him about twelve years ago. The surviving infant son is mentally ill and is in the care and custody of his grandmother, who has brought this action on his behalf. The referee also found that although the present whereabouts of Minnie Kandelin are not known, the evidence does not justify an assumption that she is dead. As there was no testimony to indicate a divorce, the referee assumed that Minnie Kandelin is still alive.

As will appear later in this opinion, the evidence disclosed that without a doubt the said Minnie Kandelin is living and is available as either a witness or a party in interest.

The Board's referee overruled the plaintiff's contention that since the wife abandoned the wage-earner she is not his "widow" and is not entitled to the lump-sum settlement under the Social Security Act Amendments. The decision of the referee very frankly states that there is merit to either interpretation of the statute.

It is cited in the determination of the referee that under the Social Security Act of 1935, in effect prior to 1940, payments were made in accordance with the allowance, exemption and distribution laws of each state relating to decedents' estates (section 205). In other words, payments were made in accordance with the "rights" of the claimants under the applicable State law. It was necessary for the Board and the Referee to determine the "rights" of the claimants and whether such rights had been satisfied before payment could be made. The wording of the 1935 law was not retained in the Social Security Act Amendments of 1939 and this, in the referee's opinion, changed the definition from the "right to inherit" to

the "status" basis, and he based his decision on the "status" interpretation.

The Appeals Council in its opinion followed substantially the same line of reasoning in affirming the referee's conclusion.

Section 205 of the Social Security Act Amendments of 1935 provides: "If any amount payable to an estate under section 203 or 204 [relating to lump-sum benefits] is $500 or less, such amount may, under regulations prescribed by the Board, be paid to the persons found by the Board to be entitled thereto under the law of the State in which the deceased was domiciled, without the necessity of compliance with the requirements of law with respect to the administration of such estate."

This section was replaced by sections 202 (g) and 209 (m) of the 1939 Amendments quoted heretofore.

From the pleadings and transcript of the record in this proceeding, there are two possible interpretations of the statute; the plaintiff's, which maintains that entitlement governs the right to obtain payment; and the government's, which makes possession of "status" the test. Under the interpretation advocated by the plaintiff, on the assumption of abandonment, Minnie Kandelin is not a "widow" for the purposes of the Social Security Act, by applying the Decedent Estate Law of the State of New York to determine the devolution of intestate personal property of the deceased.

This is only the third case of its kind in any Court. In Carroll v. Social Security Board, 44 F.Supp. 790, United States District Court for the Northern District of Illinois, on June 25, 1941, the procedure was approved but no opinion for publication was rendered. Consequently, there are no precedents to guide the Court and in reviewing the findings of the Board, its referee and the Appeals Council, it will, so to speak, be beating a new path.

It is apparent from the government's argument that it takes the position that Sections 202 (g) and 209(m) of the 1939 Amendments changed the meaning of Section 205 of the 1935 Act. It states that the latter section required the Board to make factual determinations as to whether a necessary relationship existed and whether an individual having such relationship was entitled to obtain a share of the estate of the deceased wage-earner. It is the contention of the government that the 1939 amendments were passed in order to obviate this cumbersome and difficult process of determining the right to inherit. The referee and the Appeals Council maintain this view.

In other words, upon presentation to the Board that an individual is a widow she would be entitled to the benefits of the estate of the wage-earner irrespective of Sections 83 and 87 of the Decedents Estate Law of the State of New York under which she might have lost her right to inherit. This manner of approach by the Board obviously does not take into account the language of Subdivisions (d) and (e) of section 402 of Title 42 of the U.S.C.A.

Section 202 (g) of the 1939 Amendments provides for payment to the widow, and Section 209 (m) provides that the Board in determining whether an applicant is the widow shall apply such law as would be applied in determining the devolution of intestate personal property by the Courts of the State in which such insured individual was domiciled at the time of the insured's death.

■ If Section 202 (g), 42 U.S.C.A. § 402(g), were only to be applied, the Board might be correct in its conclusion; but applied in conjunction with section 209 (m), as well as with 42 U.S.C.A. § 402 (d) and (e), the determination is erroneous. The Act must be read and applied in its entirety.

■ The Court is of the opinion that Congress never intended that "status" alone should control an individual's status as a widow under the Social Security Act Amendments but that the statute carried with it the condition of "right to inherit".

Assume that the widow herein concerned were indicted for first degree murder, convicted and sentenced to life imprisonment. Under the laws of the State of New York, Section 511 of the Penal Law, Consol.Laws, c. 40, she would be deemed civilly dead. Under the government's interpretation of the statutes, the benefits under the Act would be payable to her. This would indeed create a very curious situation of an individual deemed civilly dead but eligible to pecuniary benefits. Matter of Will of Marguerite

Lindewall, Deceased, January 15, 1942, 287 N.Y. 347, 39 N.E.2d 907.

A similar provision is found in the New York State Penal Law in reference to bigamy wherein it states that an individual is not guilty of bigamy if he or she remarries after his or her spouse has been sentenced to life imprisonment, and that the spouse so sentenced has no right of succession to the decedent's property. Matter of Will of Marguerite Lindewall, Deceased, supra.

It would be possible under the government's interpretation for the wife to have secured a divorce in another state without that state having acquired jurisdiction over the husband and for the wife to have remarried yet be eligible to obtain benefits arising out of the marriage which she of her own volition terminated. According to the government's viewpoint, she would have the "status" of widow of the deceased.

It has been said that, in the general sense of mankind and even in a legal sense, although a widow remarries, she does not cease to be the widow of the deceased husband; but the term "widow" is not used in its ordinary significance of a woman who has left her husband, and will not include an unfaithful wife who has abandoned her husband. Richard v. Lazard, 108 La. 540, 32 So. 559.

Under Section 87 of the Decedent Estate Law of the State of New York, a wife who abandons her husband loses the right to inherit personal property. There is no question that that is the law of the State of New York where the wage-earner was domiciled at his death. Other states may have comparable laws of this nature or perhaps different ones. Congress undoubtedly had in mind the difference in the laws of the various states when it incorporated § 209(m) of the 1939 Amendments into the statute.

■ In New York State, when a wife abandons her husband she loses all interest in his estate. Matter of Browning's Estate, 153 Misc. 564, 276 N.Y.S. 262, 267, 270.

42 U.S.C.A. § 402(d) provides that a widow to be entitled to benefits must comply with the condition "(D) was living with such individual at the time of his death". The same condition is prescribed in subdivision e of that same section. It seems manifest that it is not "status" alone which is the test but that "right to inherit" is coupled with it. Obviously, that is the reason that the latter two subdivisions were made part of the whole Act.

The Social Security Act Amendments must be read in its entirety before it can be fully applied. The Court is firmly convinced that "status" of itself was not intended to determine an individual's right to obtain benefits under the Act. Congress, when enacting these statutes, intended that the law of each State should be applied to determine the rights of individuals to the benefits under the Social Security Act Amendments. A reading of the entire Act motivates this conclusion.

The grandmother of the infant plaintiff testified that Minnie Kandelin came to her home upon the death of Armos Kandelin. Amanda Kandelin, the grandmother, stated at page 23 of the record: "A. No, I don't know more. She come over when Armos died, she come over and see * * *".

■ This is indicative of the fact that the widow is still alive. As mentioned earlier in this opinion, she did not testify nor has she at any time appeared in any of the administrative proceedings in this matter nor has she asserted a claim to the benefits under the Act. She is available and can be called as a witness. She has an interest in the ultimate decision to be made. It is possible she may be able to contradict the evidence of abandonment before the Board. That is important for her in view of this Court's findings. Minnie Kandelin may be able to counteract the evidence of willful abandonment and the atmosphere created by the evidence that she was living with persons other than her husband. She might be able to prove her abandonment was not willful but justifiable. The statute did not intent to disinherit her for justifiable abandonment. 42 U.S.C.A. § 402 (d) and (e) did not intend to foreclose her rights if she was not living with the deceased at the time of his death if the cause of her leaving him was due primarily to the conduct of the deceased.

Minnie Kandelin should have ample opportunity in the interest of justice to have her complete day in Court. Only in this manner, by having all claimants before the Board, can the government be amply protected in disbursing this money. The aggrieved party would then have a right to review on the complete record.

For these reasons, the matter is remitted to the Social Security Board for appropriate action in accordance with this opinion.

Settle order on two (2) days' notice.