In the Matter of FRANKLIN M. WHITE et al., as Executors of HAZEL McCABE, Deceased.

Surrogate's Court, New York County, December 4, 1953.

*Bannister, Stitt, Holloway & Krause* for executors, petitioners.

*Herman Odell* for Terrence W. McCabe, respondent.

*Walter L. Post* for Franklin M. White, individually, respondent.

*Joseph Schrieber* and *Stephen N. Hume* for Memorial Center for Cancer and Allied Diseases, respondent.

*Sincerbeaux & Shrewsbury* for New York Institute for Education of the Blind, respondent.

*Davis, Polk, Wardwell, Sunderland & Kiendl* for Seeing Eye, Inc., respondent.

*Lester C. Gelinas,* special guardian for Russell White and others, infants, respondents.

FRANKENTHALER, S. The sole issue herein is whether objectant, decedent's natural father, has status under section 17 of the Decedent Estate Law to contest charitable bequests in excess of one half of the estate or whether he has forfeited his rights by consenting to decedent's adoption.

The facts have been stipulated. In 1914, when decedent was two years old, objectant and decedent's maternal grandparents executed and duly recorded an instrument of adoption pursuant to the appropriate Missouri statutes by which decedent was adopted by such grandparents in whose custody she remained thereafter. The validity of the Missouri adoption proceedings is not put in issue by objectant and it is not disputed that the persons involved in those proceedings were residents of Missouri. Decedent died a resident of New York.

Section 17 provides that " the validity of a devise or bequest for more than * * * one-half may be contested only by a surviving husband, wife, child, descendant or parent." As the excess of such bequests over the statutory amount would here pass by intestacy (*Wright* v. *Wright,* 225 N. Y. 329; *Matter of Logasa,* 163 Misc. 628), objectant must prove his right to inherit from decedent. Only a person who would derive a benefit under section 17 " could set the courts in motion or the statute in operation " (*Amherst College* v. *Ritch,* 151 N. Y. 282, 335–336; *Matter of Halsted,* 172 Misc. 632; *Matter of Browning,* 153 Misc. 564).

To establish his status as decedent's father, objectant relies upon the Missouri statute in effect on the date of adoption (1909 Rev. Stat. of Missouri, §§ 1670–1678), and certain Missouri decisions thereunder which appear to allow a natural parent to inherit from the estate of his child although the child had been adopted by others. There is a serious question as to whether such statute and decisions have any remaining vitality, as applied to the present case, in view of a 1943 amendment which in effect provides that as to children adopted in Missouri prior to July 1, 1917, a natural parent who has consented to adoption by others, cannot inherit from the child after such adoption (Missouri L., 1943, p. 353, § 9616a; 1949 Rev. Stat. of Missouri, § 453.150).

But a construction of the Missouri statute is not necessary to a determination of the issues presented to this court. It is well established that the distribution of the estate of a child adopted in another State in accordance with its laws who died a resident of New York State is governed in all respects by New York law (*Matter of Leask,* 197 N. Y. 193, 196; *Caruso* v. *Caruso,*

175 Misc. 290). The law of Missouri appears to be similar (1949 Rev. Stat. of Missouri, § 453.170) and is in accord with the rule followed in most States (see Restatement, Conflict of Laws, § 143).

Under the applicable New York statutes objectant is not an heir of decedent. Section 115 of the Domestic Relations Law provides that "After the making of an order of adoption the parents of the foster child shall be relieved of all parental duties toward and of all responsibility for and shall have no right over such foster child or to his property by descent or succession". It has been held that after adoption the natural parent is no longer either a "parent" or among the "next of kin" of the child. It is the adoptive parents who thereafter bear that relationship to the child (*Betz* v. *Horr*, 276 N. Y. 83; *Carpenter* v. *Buffalo Gen. Elec. Co.*, 213 N. Y. 101; *Matter of MacRae*, 189 N. Y. 142). Therefore, the objectant has no proper standing under section 17 to raise objections to the charitable bequests under the will and his objections are dismissed.

As the remaining objections have been withdrawn, a decree may be submitted on notice settling the account accordingly.