■ In the Matter of the Estate of WILLIAM F. TRIBBLE, Deceased. PAUL S. TRIBBLE, Appellant; WILLIAM H. TRIBBLE et al., as Executors of WILLIAM F. TRIBBLE, Deceased, et al., Respondents.— In a proceeding to settle judicially the account of the executors of the estate of William F. Tribble, deceased, Paul S. Tribble (an objectant) appeals from an order of the Surrogate's Court, Suffolk County, entered January 4, 1965, which granted the executors' motion to dismiss his answer and objections to the account on the ground that he was not a person interested in the accounting proceeding and had no status to file objections. Order affirmed, without costs (Matter of Halsted, 172 Misc. 632). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ In the Matter of WYCKOFF HEIGHTS HOSPITAL, Appellant, v. JAY KRAMER et al., Constituting the New York State Labor Relations Board, Respondents.— In an article 78 proceeding to vacate a decision, order and direction made by the respondent New York State Labor Relations Board, dated December 24, 1964, the petitioner hospital appeals from a judgment of the Supreme Court, Kings County (mistakenly designated as New York County in the notice of appeal), entered February 16, 1965, which dismissed the petition. Judgment affirmed, with costs. Pursuant to section 705 of the Labor Law, the State Labor Relations Board conducted an election among petitioner-hospital's employees to determine whether a majority of those voting desired to be represented by a certain union local for collective bargaining. The union lost in a close contest, but it filed objections which led the Labor Board to its determination to vacate the election and order a new election. The objections and the basis for the board's determination, here challenged, were that the hospital had conducted a prejudicial pre-election campaign in that it threatened employees with the reprisal of a layoff if they voted for the union. Appellant complains that the board's determination ipso facto convicted it of an unfair labor practice under section 706 of the Labor Law. We do not agree. The board did make a finding of certain conduct in the section 705 representation proceeding which, if properly pursued via section 706, could support an unfair labor practice finding; but that was not done. No complaint of an unfair labor practice was made, no specific or implied finding was made, and none of the sanctions customarily accompanying such a finding were imposed. Moreover, since all that was presented was a section 705 representation proceeding, judicial review is not available (Matter of Wallach's v. Boland, 277 N. Y. 345, affg. 253 App. Div. 371; see, also, Boire v. Greyhound Corp., 376 U. S. 473; Railway Clerks v. Employees Assn., 380 U. S. 650). Christ, Acting P. J., Hill, Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to grant the petition, with the following memorandum: I believe the issues involved a finding of an unfair labor practice; and therefore, the law relating to that procedure should have been followed.